## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| AQUA WATER SUPPLY CORPORATION,<br>　　　Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION NO.  11-885 |
| CITY OF ELGIN, A TEXAS MUNICIPALITY, AUSTIN COMMUNITY COLLEGE DISTRICT PUBLIC FACILITY CORPORATION, A TEXAS PUBLIC FACILITY CORPORATION; BRYAN W. SHAW, BUDDY GARCIA and CARLOS RUBINSTEIN, in their official capacity as Commissioners of the TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, AN AGENCY OF THE STATE OF TEXAS; and THE TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, AN AGENCY OF THE STATE OF TEXAS,<br>　　　Defendants. | § § § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND
## APPLICATION FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Aqua Water Supply Corporation ("Aqua") and for its claims and causes of action against the Defendants states as follows:

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction under 28 U.S.C. § 1331, as this case is based on a federal question claim brought under 7 U.S.C. § 1926(b), 42 U.S.C. § 1983, and U.S. Const. art. VI, cl. 2, otherwise known as the Supremacy Clause.  This Court also has jurisdiction over Aqua's claims for declaratory judgment under the Federal Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2002, and Rule 57 of the Federal Rules of Civil Procedure.

2.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) and (2) because at least one Defendant resides in this judicial district, and a substantial part of the events giving rise to Aqua's claims occurred, and continues to occur, in this judicial district.

## FACTUAL ALLEGATIONS

3.      Aqua Water Supply Corporation ("Aqua") is a rural, non-profit water supply corporation, created in 1968 pursuant to Article 1434(a) of the Texas Revised Civil Statutes, and operating under Chapter 67 of the Texas Water Code.  Aqua's principal office and place of business is located in Bastrop County, Texas.  Aqua is an "association" within the meaning of the Consolidated Farm and Rural Development Act of 1961, 7 U.S.C. § 1926, *et seq.*

4.      Defendant Austin Community College District Public Facility Corporation is a Texas Public Facility Corporation ("ACC"), and may be served with process by serving its Registered Agent with the Texas Secretary of State, Stephen B. Kinslow, at 5930 Middle Fiskville Road, Texas  78752.

5.      Defendants Bryan W. Shaw, Buddy Garcia, and Carlos Rubinstein, in their official capacity as Commissioners of the Texas Commission on Environmental Quality ("TCEQ"), a state agency, are charged with the primary responsibility for implementing state laws relating to the use and conservation of natural resources, and environmental protection.  Tex. Water Code Ann. § 5.012.  These defendants are referred to herein

individually and collectively as the "TCEQ Commissioners," are named defendants in their official capacity as commissioners of the TCEQ, and may be served with process by serving each at 12100 Park 35 Circle, Austin, Texas 78753.

6.      Defendant City of Elgin ("Elgin") is a Texas municipal corporation organized and existing under the laws of Texas and located in Bastrop County and Travis County, Texas.  This Defendant may be served with process by serving Interim City Manager Greg Vick at 310 North Main Street, Elgin, Texas 78621.  Elgin is a home rule municipality, which owns and operates a municipal water supply system and provides water service to customers/residents, some of which are situated within Aqua's Certificated Area ("Aqua's Territory" or "Aqua's CCN").

7.      Defendant the Texas Commission on Environmental Quality ("TCEQ") is an agency of the State of Texas, and may be served through its Executive Director, Mark R. Vickery, at 12100 Park 35 Circle, Austin, Texas 78753.

8.      Aqua is duly empowered to and has borrowed money from the United States of America acting through the United States Department of Agriculture (USDA), originally on June 12, 1989, and again on September 26, 2002.  Aqua remains indebted on said loans.  As a condition of said loans, Aqua has pledged to the USDA its system infrastructure, land, and legal right to provide service, including all rights held by Aqua under Aqua's CCN.  Aqua has the right to be the exclusive water service provider within Aqua's Territory pursuant to 7 U.S.C. § 1926(b).

9.      Aqua enjoys the protection of 7 U.S.C. § 1926(b), by reason of its indebtedness to the Federal Government.  [Congress enacted 7 U.S.C. § 1926(b) as part

of a federal statutory program to extend and guarantee loans and grants to certain

associations providing soil conservation practices, water service, or management, etc.]

    The statute states:

> The service provided or made available through any such
> association shall not be curtailed or limited by inclusion of
> the area served by such association within the boundaries of
> any municipal corporation or other public body, or by the
> granting of any private franchise for similar service within
> such area during the term of such loan; nor shall the
> happening of any such event be the basis of requiring such
> association to secure any franchise, license, or permit as a
> condition to continuing to serve the area served by the
> association at the time of the occurrence of such event.

7 U.S.C. § 1926(b).

    10.    7 U.S.C. § 1926(b) prohibits municipalities or similar entities from

exercising their powers to sell water, and from placing conditions or restrictions on the

service provided or made available by the indebted association or competing with a

federally indebted association, when the exercise of such powers would result in

curtailment or limitation of the service provided or made available by a federally

indebted association. *North Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910

(5th Cir. 1996). *See also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*

358 F.3d 694 (10th Cir. 2004).

    11.    On November 1, 1979, Aqua was issued CCN Number 10294 by the Public

Utility Commission of Texas, establishing Aqua's "service area," which is herein

referenced as "Aqua's Territory," "Aqua's CCN," or "Aqua's Certificated Area."

---

12.   Elgin is and has been selling water within "Aqua's Territory" (Aqua's federally protected service area) to approximately 2,000 potential customers of Aqua (herein "Existing Customers"), to which Aqua "made service available" as required in order to obtain and qualify for 7 U.S.C. § 1926(b) protection.  In *North Alamo Water Supply Corp. v. City of San Juan*, the Fifth Circuit held that a Texas Water Supply Corporation (such as Aqua) meets the "made service available" requirement because of its legal obligation to provide service under state law.  *North Alamo*, 910 F.3d at 916. However, Aqua meets the "made service available" requirement even under the more strict application of the statute under the "Pipes in the Ground Test" adopted by the Tenth Circuit, as well as other courts.  *See, e.g., Sequoyah County RWD No. 7 v. Town of Muldrow*, 191 F.3d 1192 (10th Cir. 1999), and *Rural Water System #1 v. City of Sioux Center*, 202 F.3d 1035 (8th Cir. 2000).

13.   Aqua has brought this action seeking to enforce its rights as the <u>exclusive</u> water service provider within Aqua's Territory granted it by virtue of 7 U.S.C. § 1926(b).

14.   The courts that have addressed 7 U.S.C. § 1926(b) have made it clear that the statute should be applied broadly to protect associations indebted to the Federal Government (in this case, USDA/Rural Development) from competition from expanding municipal systems, whatever form the competition may take:

> "The clear message of the three federal cases applying 7 U.S.C. § 1926(b) and of the Senate Report is that the statute should not be construed narrowly to prohibit municipal encroachment only if technically annexation or grant of a franchise, but should be applied broadly to protect rural water associations indebted to the FmHA from competition from expanding municipal systems."

*Jennings Water, Inc. v. City of North Vernon, Inc.*, 682 F.Supp. 421, 425 (S.D. Ind. 1988), affirmed at 895 F.2d 311 (7th Cir. 1989).

> "Doubts about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory."

*Sequoyah County Rural Water Dist. No. 7 v. Town of Muldrow,* 191 F.3d 1192, 1197 (10th Cir. 1999).

> Finally, **any "[d]oubts** about whether a water association is entitled to protection from competition under § 1926(b) should be resolved in favor of the FmHA-indebted party seeking protection for its territory."

*Rural Water System #1 v. City of Sioux Center,* 202 F.3d 1035, 1038 (8th Cir. 2000) (emphasis added).

## THE ACC PROPERTY

15.     Aqua's CCN covers much of Bastrop County, Texas, including a 98-acre tract of land on U.S. Highway 290 west of the City of Elgin, Texas (herein the "ACC Property"). On December 10, 2010, ACC purchased this tract for future use as a college campus. As part of its development of the tract, ACC (or an affiliated entity identified as "Austin Community College"), acting through its engineer and agent, sent a written request to Aqua seeking a water service feasibility study. Aqua has a 12-inch waterline in close proximity to the ACC Property, and at the time the request for the feasibility study was requested could have provided and currently has the ability to provide water service to meet the needs of the ACC Property within a reasonable period of time. Aqua

caused its engineers to prepare the feasibility study and provided complete details of the study to ACC's retained engineering firm and agent.

16.     On July 12, 2011, ACC, by and through its agent and engineering representative, inquired with Aqua about procedures available to forego receiving water service from Aqua and to obtain water service from Elgin.  Aqua responded later that same day, advising ACC's agent and engineering representative that the ACC Property was within Aqua's certificated service area; that Aqua was ready, willing, and able to provide water service; and that Aqua was not willing to release the ACC Property from its certificated service area.

17.     On September 1, 2011, ACC submitted a written request to the TCEQ and/or the TCEQ Commissioners for an expedited release of its 98-acre tract of land from Aqua's Territory/CCN #10294, pursuant to Texas Water Code § 13.254(a-5).

18.     Under the law as it existed both before and after September 1, 2011, the TCEQ and/or TCEQ Commissioners should reject ACC's application in accord with *North Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 914 (5th Cir.1996), because Aqua had borrowed money from the federal government to finance its infrastructure, including the lines that are in close proximity to the ACC Property, because Aqua has made service available to the ACC Property pursuant to 7 U.S.C. § 1926(b), and because Aqua has pledged its revenues and other assets (including its rights under its CCN) as security for the federal loan.

19.     Effective September 1, 2011, the Texas Legislature changed the Texas Water Code, specifically empowering the TCEQ and/or TCEQ Commissioners not to

consider whether water supply corporations like Aqua were "a borrower under a federal loan program" in deciding whether to allow a landowner to obtain "decertification" of its property. *See* Tex. Water Code Ann. § 13.254(a-1 and a-6). Indeed, this state legislation dictates that under some circumstances, the TCEQ and/or the TCEQ Commissioners **may not** base its/their decision "on the fact that a certificate holder is a borrower under a federal loan program." *Id*. at 13.254(a-6). Simply stated, this is a clear mandate by the Texas Legislature that directs a Texas agency and its commissioners to violate federal law.

20.     As alleged above, Elgin has offered, operated, and sold, and continues to offer, operate, and sell, water services in competition with Aqua within Aqua's federally protected service area. This competition, upon information and belief, extends to the ACC Property.

## COUNT ONE

### VIOLATION OF 42 U.S.C. § 1983 – EXISTING CUSTOMERS

21.     Aqua incorporates by reference all factual allegations above.

22.     In order to state a cause of action under 42 U.S.C. § 1983, Aqua must allege only that some person has deprived it of a federal right, and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 U.S. 635, 64 L.Ed.2d 572, 100 S.Ct. 1920 (1980).

23.     Aqua has a federal right under 7 U.S.C. § 1926(b) to be protected from any curtailment or limitation of its rights to sell water within Aqua's Territory.

24.     Elgin's actions of selling water to certain "Existing Customers" situated within Aqua's Territory have deprived Aqua of the above-described federal right.

25.     Elgin's actions of selling water to these "Existing Customers" are and have been conducted under color of state law, by virtue of its purported authority to sell water in the State of Texas.

26.     Aqua has suffered damages as a result of the wrongful acts of Elgin selling water to the "Existing Customers," and by Elgin's acts of offering to sell water to residents or entities situated within Aqua's Territory in an amount not yet determined, but in any event greater than $75,000.

## COUNT TWO

## DECLARATORY JUDGMENT – 7 U.S.C. § 1926(b) – EXISTING CUSTOMERS

27.     Aqua incorporates by reference all allegations above.

28.     This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2202, seeking a declaration of the rights and other legal relations of the parties.

29.     There exists an actual case or controversy between Aqua and Elgin regarding Elgin's right to sell water within Aqua's Territory to the "Existing Customers," and regarding the compensation (damages) Aqua should receive for such sales.

30.     Aqua seeks to have the Court declare the rights and other legal relations of the parties as to the right of Elgin to sell water within Aqua's Territory to the "Existing Customers."

31.     Furthermore, Aqua seeks to have the Court declare reasonable damages that Elgin must pay Aqua for its past and future sales of water within Aqua's Territory to the

"Existing Customers," until transition can be completed that eliminates Elgin's encroachment(s).

## COUNT THREE

### INJUNCTION – EXISTING CUSTOMERS

32.     Aqua incorporates by reference all allegations above.

33.     Aqua does not have a proper and adequate remedy at law, and injunctive relief is a proper remedy for violations of 42 U.S.C. § 1983 and 7 U.S.C. § 1926(b).

## COUNT FOUR

### CONSTRUCTIVE TRUST – EXISTING CUSTOMERS

34.     Aqua incorporates by reference all allegations above.

35.     Any and all water lines and facilities owned by Elgin to serve the "Existing Customers" within Aqua's Territory should be declared to be held in constructive trust for the use and benefit of Aqua.

## COUNT FIVE

### VIOLATION OF 42 U.S.C. § 1983 – ACC PROPERTY – ELGIN

36.     Aqua incorporates by reference all allegations above.

37.     In order to state a cause of action under 42 U.S.C. § 1983, Aqua must allege only that some person has deprived it of a federal right, and that such person acted under color of state or territorial law. *Gomez v. Toledo*, 446 US 635, 64 L.Ed.2d 572, 100 S.Ct. 1920 (1980).

38.     Aqua has a federal right under 7 U.S.C. § 1926(b) to be protected from any competition with or curtailment or limitation of its rights to sell water within "Aqua's Territory."

39.     Elgin's actions relating to the ACC Property constitute improper and prohibited competition with Aqua.

40.     Elgin's actions are and have been conducted under color of state law, by virtue of its alleged statutory right to sell water within the State of Texas.

41.     Aqua has suffered or is in immediate jeopardy of suffering damages as a result of the wrongful acts of Elgin in relation to the ACC Property, in an amount not yet determined, but in any event greater than $75,000.

## COUNT SIX

### DECLARATORY RELIEF – 7 U.S.C. § 1926(b) – ACC PROPERTY - ELGIN

42.     Aqua incorporates by reference all allegations above.

43.     This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2002, seeking a declaration of the rights and other legal relations of the parties under 7 U.S.C. § 1926(b) in relation to the ACC Property.

44.     There exists an actual case or controversy between Aqua and Elgin, regarding (1) Elgin's right to provide water service to the ACC Property within Aqua's Territory; (2) what compensation, in the form of damages, Aqua should receive for any such past and continuing sales; and (3) the TCEQ Commissioners' authority to decertify a portion of Aqua's CCN.

45.     Federal law [7 U.S.C. § 1926(b)] prohibits decertification of any portion of Aqua's CCN if the decertification would function to limit or curtail the water service provided or made available by Aqua within said CCN, or if the decertification would impair the collateral pledged to secure the federal loans referenced above or deprive the federal government of its collateral.

46.     The state law, Texas Water Code § 13.254(a-6) (effective September 1, 2011), states that "the [TCEQ and/or TCEQ Commissioners] may not deny a petition [for decertification/removal of an area from a water supply corporation's territory] received under subsection (a-5) based on the fact that a certificate holder is a borrower under a federal loan program."

47.     Texas Water Code § 13.254(a-6), as amended and effective September 1, 2011, unconstitutionally attempts to preempt federal law, in violation of the Supremacy Clause of the Constitution of the United States.  Any action by the TCEQ and/or TCEQ Commissioners in furtherance of § 13.254(a-5 and a-6) and the request for decertification submitted to the TCEQ and/or the TCEQ Commissioners by ACC or its affiliated entity (if not the same entity as ACC) directly frustrates an important federal statutory scheme designed to promote rural development, as codified in 7 U.S.C. § 1926.  This Texas statute, and any action taken under it, must therefore be declared preempted, void, and unconstitutional, because said statute and action are in direct conflict with the purposes and objectives of 7 U.S.C. § 1926, as described by every Federal Circuit Court that has considered such matters, and to the extent said statute purports to authorize the TCEQ or the TCEQ Commissioners to decertify or revoke any portion of Aqua's CCN.

48.     In order to qualify for protection under 7 U.S.C. § 1926(b),  an indebted association must have "made service available"—that is, it must have the legal right to serve and the physical ability to serve the disputed customer. [Note that the Fifth Circuit has held that the physical ability to serve element is met in Texas, because of the association's legal obligation to provide service. *North Alamo Water Supply Corp. v. City of San Juan*, 910 F.3d 910 (5th Cir. 1996).] The "legal right" prong of the "made service available" requirement is determined by state law at the time the association first became indebted, and any state law which would purportedly take away that right after such date is preempted by federal law:

> "...state law that defines the service area of an association prior to or at the time it becomes indebted is state law that stands outside the window of §1926(b) preemption and also is state law that can reasonably coexist with the federal law.
>
>       \* \* \*
>
> Second, the court is not saying that state law can be used to justify a municipality's encroachment upon disputed area in which an indebted association is legally providing service under state law. The state law used to justify the encroachment would clearly conflict with or stand as an obstacle to, the non-encroachment provisions of §1926(b), and consequently would be preempted by superior federal law in the form of §1926(b). *See, e.g., Kinley Corp.*, 999 F.2d at 358 n. 3; *Hankins,* 964 F.2d at 861. Therefore, there is express and conflict preemption of any state law that purports to take away from an indebted association any territory in which the association has both a legal and physical ability to provide service at the time the association is first entitled to invoke the protection of §1926(b)".

*Rural Water System #1 v. City of Sioux Center*, 967 F.Supp. 1483, 1529 (N.D. Iowa, 1997) (emphasis added).  See also *Pittsburg County Rural Water District No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir. 2004).

> "To the extent that a local or state action encroaches upon the services provided by a protected water association, the local or state act is invalid. . . . There is thus preemption of any local or state law that purports to take away from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b).

*Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 715 (10th Cir. 2004).

> "We addressed this issue in *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester,* 358 F.3d 694 (10th Cir.2004), which concerned the deannexation of a portion of the existing service territory of a qualified association. We held that "where the federal § 1926 protections *have attached,* § 1926 preempts local or state law that can be used to justify ... encroachment upon [a] disputed area in which an indebted association is legally providing service under state law." *Id.* at 715 (emphasis added) (internal quotation marks and brackets omitted). In other words, a state or local government may not act "to *take away* from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b)." *Id.* at 716 (emphasis added)."

*Moongate Water Co., Inc. v. Dona Ana Mutual Domestic Water Consumers Ass'n* 420 F.3d 1082, 1090 (10th Cir. 2005).

49.    "Under the Supremacy Clause of the United States Constitution, Article VI, Clause 2, federal law preempts and invalidates state law which interferes with or is contrary to federal law." *Title Ins. Co. of Minn. v. I.R.S.*, 963 F.2d 297, 300 (10th Cir. 1992).

50.    The application of the preemption doctrine can be applied in one of two ways, either to preclude decertification or merely to preclude the effect decertification would have on the association's legal right to serve:

- Detachment/Deannexation has no effect on § 1926(b) rights.  *Pittsburg County Rural Water District No. 7 v. City of McAlester,* 358 F.3d 694 (10th Cir. 2004).

- Detachment/Deannexation is itself preempted.  *Robertson Properties, Inc. v. Public Water Supply District No. 8,* 153 S.W.3d 320 (W.D. Mo. 2005).

51.     Furthermore, to the extent decertification itself is not preempted, void and unconstitutional, such decertification cannot and does not affect Aqua's 7 U.S.C. § 1926(b) rights.  *See Pittsburg County RWD #7,* 358 F.3d at 705-710.

## COUNT SEVEN

### INJUNCTIVE RELIEF – 7 U.S.C. § 1926(b) – ACC PROPERTY – ELGIN

52.     Aqua incorporates by reference all allegations above.

53.     Aqua does not have a proper and adequate remedy at law, and injunctive relief is a proper remedy for violation of 42 U.S.C. § 1983, as well as for violations of 7 U.S.C. § 1926(b).

## COUNT EIGHT

### VIOLATION OF 42 U.S.C. § 1983 – ACC PROPERTY – ACC, TCEQ AND  TCEQ COMMISSIONERS

54.     Aqua incorporates by reference all allegations above.

55.     In order to state a cause of action under 42 U.S.C. § 1983, Plaintiff/Aqua must allege only that some person has deprived it of a federal right and that such person acted under color of state or territorial law.  *Gomez v. Toledo*, 446 U.S. 635, 64 L.Ed.2d 572, 100 S.Ct. 1920 (1980).

56.     Aqua has a federal right under 7 U.S.C. § 1926(b) to be protected from any curtailment or limitation of its rights to sell water within Aqua's Territory.

57.     The actions of ACC and the TCEQ and TCEQ Commissioners constitute an attempt to deprive Aqua of the above-described federal right.

58.     The actions of the Defendants (ACC, TCEQ and the TCEQ Commissioners) are conducted under color of state law, by virtue of their alleged statutory right to decertify/remove areas from Aqua's Territory after the date Aqua became indebted to the USDA.

59.     Aqua has suffered or is in immediate jeopardy of suffering damages as a result of the wrongful acts of the Defendants (ACC, TCEQ, and TCEQ Commissioners) in relation to the ACC Property, in an amount not yet determined, but in any event greater than $75,000.

## COUNT NINE

## DECLARATORY JUDGMENT – 7 U.S.C. § 1926(b) – ACC PROPERTY – ACC, TCEQ AND TCEQ COMMISSIONERS

60.     Aqua incorporates by reference all allegations above.

61.     This claim is brought pursuant to and in accordance with 28 U.S.C. §§ 2201 and 2002, seeking a declaration of the rights and other legal relations of the parties under 7 U.S.C. § 1926(b).

62.     There exists an actual case or controversy between Aqua and Defendants ACC, TCEQ, and TCEQ Commissioners concerning the TCEQ's and/or TCEQ Commissioners' authority to decertify a portion of Aqua's CCN, i.e., to remove the ACC Property from Aqua's Territory to allow ACC to obtain water service from another entity (presumably Elgin), and/or whether such decertification, if itself not prohibited, will

negatively affect Aqua's rights under 7 U.S.C. § 1926(b) to be the exclusive potable water provider to the ACC Property.

63.     Federal law [7 U.S.C. § 1926(b)] prohibits decertification of any portion of Aqua's CCN if the decertification would function to limit or curtail the water service provided or made available by Aqua or allow competition with Aqua within Aqua's CCN, or function to impair the collateral pledged to secure the federal loans referenced above, or deprive the federal government of its collateral.[1]   Decertification of Aqua's Territory is prohibited.  Any decertification order (if later issued) cannot take away any of Aqua's Territory for which Aqua is entitled to invoke the protection of § 1926(b), nor will such order (if issued) affect Aqua's 7 U.S.C. § 1926(b) rights to be the exclusive potable water provider to such areas.

64.     Texas Water Code § 13.254(a-6) (effective September 1, 2011), states that the TCEQ and/or TCEQ Commissioners may not deny a petition received under subsection (a-5) [a request for decertification/removal of an area from a water supply corporation's territory] based on the "fact that a certificate holder is a borrower under a federal loan program."

65.     Texas Water Code § 13.254(a-5 and a-6), as amended effective September

---

[1] "We addressed this issue in *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694 (10th Cir.2004), which concerned the deannexation of a portion of the existing service territory of a qualified association.  We held that "where the federal § 1926 protections *have attached*, § 1926 preempts local or state law that can be used to justify ... encroachment upon [a] disputed area in which an indebted association is legally providing service under state law." *Id.* at 715 (emphasis added) (internal quotation marks and brackets omitted). **In other words, a state or local government may not act "to *take away* from an indebted rural water association any territory for which the association is entitled to invoke the protection of § 1926(b)." *Id.* at 716 (emphasis added)."**  *Moongate Water Co., Inc. v. Dona Ana Mutual Domestic Water Consumers Ass'n* 420 F.3d 1082, 1090 (10th Cir. 2005) (emphasis added).

1, 2011, unconstitutionally attempts to preempt federal law, in violation of the Supremacy Clause of the Constitution of the United States.  Any action by the TCEQ and/or the TCEQ Commissioners in furtherance of § 13.254(a-6) and the request for decertification submitted to the TCEQ and/or TCEQ Commissioners pursuant to § 13.254 (a-5) by ACC or its affiliated entity (if not the same entity as ACC) would be an attempt to directly frustrate an important federal statutory scheme designed to promote rural development, as codified in 7 U.S.C. § 1926.  Said state statute, and any action taken pursuant to said statute, must therefore be declared preempted, void, and unconstitutional, because said statute and action are in direct conflict with the purposes and objectives of 7 U.S.C. § 1926 as described by every Federal Circuit Court that has considered such matters.  To the extent said Texas statute purports to authorize the TCEQ or the TCEQ Commissioners to decertify or revoke any portion of Aqua's CCN, such authority is preempted and thus void.  See Allegations 47-49 and 61 above.

## COUNT TEN

### INJUNCTIVE RELIEF – ACC PROPERTY – ACC, TCEQ AND TCEQ COMMISSIONERS

66.    Aqua incorporates by reference all allegations above.

67.    Aqua does not have a proper and adequate remedy at law and injunctive relief is a proper remedy for violation of 42 U.S.C. § 1983, as well as for violations of 7 U.S.C. § 1926(b).

### JURY DEMAND

**Plaintiff Demands A Jury Trial As To All Issues Triable By Jury.**

## PRAYER

WHEREFORE, Aqua requests this Court to grant the relief set forth in this Complaint, specifically:

1.      A declaration that Elgin's acts of selling water within Aqua's Territory are violations of 7 U.S.C. § 1926(b) and 42 U.S.C. § 1983;

2.      A monetary judgment for all damages sustained as a result of Elgin's violations of federal law and wrongful actions;

3.      Injunctive relief against Elgin, restraining it from selling water within Aqua's Territory and to Aqua's existing or potential customers;

4.      An order compelling the orderly transition of water customers and infrastructure from Elgin to Aqua;

5.      A judgment for transfer and/or forfeiture of lines and other water facilities dedicated, conveyed, or constructed by Elgin to serve within Aqua's Territory;

6.      A judgment for the return of any and all funds which the Court deems were obtained in contravention of federal law, and through which Elgin has been unjustly enriched;

7.      A monetary judgment for all attorneys' fees and costs incurred in this action;

8.      A declaration that Texas Water Code § 13.254 is preempted by federal law and shall not be permitted to curtail, encroach, or limit Aqua's exclusive right to provide water service within its federally protected territory, and a permanent injunction against the TCEQ and TCEQ Commissioners from the present and any future attempts to enforce

Texas Water Code § 13.254 against Aqua to decertify or remove any Aqua Territory while Aqua remains indebted to the federal government; or alternatively, a declaration that any order decertifying or removing any area from Aqua's Territory has no effect on Aqua's 7 U.S.C. § 1926(b) rights to such area; and

9.    Such further and other relief to which Plaintiff is entitled.

Respectfully submitted,

**ALLENSWORTH AND PORTER, L.L.P.**
100 Congress Avenue, Suite 700
Austin, Texas  78701
(512) 708-1250  Telephone
(512) 708-0519  Facsimile

By: _____
     William R. Allensworth
     State Bar No. 01077500
     Matthew C. Ryan
     State Bar No. 24004901

DOYLE HARRIS DAVIS & HAUGHEY
Steven M. Harris, OBA #3913
Michael D. Davis, OBA #11282
1350 South Boulder, Suite 700
Tulsa, OK 74119
(918) 592-1276
(918) 592-4389 (fax)
steve.harris@1926blaw.com
mike.davis@1926blaw.com

*ATTORNEYS FOR PLAINTIFF*

---

**Plaintiff's Original Complaint**