RECEIVED
DEC 2 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

FILED
DEC 2 2 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AQUA WATER SUPPLY CORPORATION, § § § Plaintiff, § § vs. § CITY OF ELGIN, et al, § § Defendants. § | § § § § § CIVIL ACTION NO. 1:11-cv-00885-LY § § § § § |

## FIRST AMENDED ANSWER OF DEFENDANT AUSTIN COMMUNITY COLLEGE DISTRICT PUBLIC FACILITY CORPORATION

COMES NOW Austin Community College District Public Facility Corporation (hereinafter "ACC"), and submits its FIRST AMENDED ANSWER in response to Plaintiff's First Amended Complaint in the above-styled lawsuit and would show:

### A. Specific Denials

1. ACC admits paragraph 1 of Plaintiff's First Amended Complaint.

2. ACC admits paragraph 2 of Plaintiff's First Amended Complaint.

3. In response to paragraph 3 of Plaintiff's First Amended Complaint, ACC admits that Plaintiff is a WSC, and its principal office is located in Bastrop County, Texas. ACC can neither admit nor deny the remaining factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

4. ACC admits paragraph 4 of Plaintiff's First Amended Complaint.

5. ACC admits that the individuals listed in paragraph 5 of Plaintiff's First Amended Complaint are the Commissioners of the TCEQ, a State agency. ACC can neither admit

nor deny the remaining factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

6. ACC admits that the individual identified in paragraph 6 of Plaintiff's First Amended Complaint is an employee of the TCEQ, a State agency. ACC can neither admit nor deny the remaining factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

7. In response to paragraph 7 of Plaintiff's First Amended Complaint, ACC admits that Elgin is a Texas city located in Bastrop County and Travis County, Texas. ACC admits that Elgin owns a water and wastewater system, and has numerous customers. ACC can neither admit nor deny the remaining factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

8. ACC admits that TCEQ is a State agency as alleged in paragraph 8 of Plaintiff's First Amended Complaint, and that its Executive Director is Mark R. Vickery. ACC can neither admit nor deny the remaining factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted.

9. In response to paragraph 9 of Plaintiff's First Amended Complaint, ACC can neither admit nor deny the factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

10. ACC denies all averments of fact or law contained in paragraph 10.

11. ACC denies all averments of fact or law contained in this paragraph 11.

12. ACC admits that Plaintiff has a CCN, as stated in paragraph 12 of the First Amended Complaint. ACC can neither admit nor deny the factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted.

13. In response to paragraph 13 of Plaintiff's First Amended Complaint, ACC can neither admit nor deny the factual allegations in the paragraph, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted. ACC denies all averments of law contained in this paragraph.

14. Paragraph 14 merely restates Plaintiff's intent in filing this lawsuit, and does not require a response by ACC.

15. ACC denies all averments of fact or law contained in paragraph 15.

16. ACC admits the first three sentences of Paragraph 16 of Plaintiff's First Amended Complaint. ACC denies the fourth sentence of that paragraph. ACC admits that a feasibility study was sent from Aqua's outside engineers to ACC's project engineers. ACC denies in particular the statement that "complete details" of the study were provided, as alleged the last sentence of the paragraph.

17. ACC admits paragraph 17 of Plaintiff's First Amended Complaint, except for the statement that "Aqua was ready, willing and able to provide water service" which statement ACC denies.

18. ACC admits paragraph 18 of Plaintiff's First Amended Complaint.

19. ACC denies all averments of fact or law contained in paragraph 19.

20. ACC denies all averments of fact or law contained in paragraph 20, except ACC admits the Legislature passed the amendment to the Texas Water Code identified and that amended law is now if effect.

21. ACC can neither admit nor deny the factual allegations in paragraph 21 of Plaintiff's First Amended Complaint, due to a lack of sufficient knowledge to form a belief about the truth of the factual matters asserted; except that ACC admits that it intends to obtain water service for its property from Elgin, now that it has been removed from Aqua's CCN by the TCEQ. In so doing, ACC will comply fully with all applicable legal requirements set forth in the Texas Water Code.

22. In response to paragraph 22, ACC restates all of its prior responses and incorporates them by reference.

23. ACC denies all averments of fact or law contained in paragraph 23. ACC specifically denies that Plaintiff has accurately stated the elements of proving a § 1983 claim seeking monetary relief against a governmental entity.

24. ACC denies all averments of fact or law contained in paragraph 24.

25. ACC denies all averments of fact or law contained in paragraph 25.

26. ACC denies all averments of fact or law contained in paragraph 26.

27. ACC denies all averments of fact or law contained in paragraph 27.

28. In response to paragraph 28, ACC restates all of its prior responses and incorporates them by reference.

29. ACC denies all averments of fact or law contained in paragraph 29.

30. ACC denies all averments of fact or law contained in paragraph 30.

31. ACC denies all averments of fact or law contained in paragraph 31.

32. ACC denies all averments of fact or law contained in paragraph 32.

33. In response to paragraph 33, ACC restates all of its prior responses and incorporates them by reference.

34. ACC denies all averments of fact or law contained in paragraph 34.

35. In response to paragraph 35, ACC restates all of its prior responses and incorporates them by reference.

36. ACC denies all averments of fact or law contained in paragraph 36.

37. In response to paragraph 37, ACC restates all of its prior responses and incorporates them by reference.

38. ACC denies all averments of fact or law contained in paragraph 38.

39. ACC denies all averments of fact or law contained in paragraph 39.

40. ACC denies all averments of fact or law contained in paragraph 40.

41. ACC denies all averments of fact or law contained in paragraph 41.

42. ACC denies all averments of fact or law contained in paragraph 42.

43. In response to paragraph 43, ACC restates all of its prior responses and incorporates them by reference.

44. ACC denies all averments of fact or law contained in paragraph 44.

45. ACC denies all averments of fact or law contained in paragraph 45.

46. ACC denies all averments of fact or law contained in paragraph 46.

47. ACC denies all averments of fact or law contained in paragraph 47, except ACC admits the Legislature amended the Texas Water Code and the amended law is now in effect.

48. ACC denies all averments of fact or law contained in paragraph 48.

49. ACC denies all averments of fact or law contained in paragraph 49.

50. ACC denies all averments of fact or law contained in paragraph 50.

51. ACC denies all averments of fact or law contained in paragraph 51.

52. ACC denies all averments of fact or law contained in paragraph 52.

53. In response to paragraph 53, ACC restates all of its prior responses and incorporates them by reference.

54. ACC denies all averments of fact or law contained in paragraph 54 and notes this paragraph is inconsistent with the causes of action set forth elsewhere in this pleading seeking relief at law under 42 U.S.C. § 1983. ACC also asserts that enjoining provision of water service to its property would adversely affect the public interest. Furthermore the injury that would be sustained by ACC would outweigh any alleged injury to Plaintiff's interests, particularly given its many claims for monetary relief.

55. In response to paragraph 55, ACC restates all of its prior responses and incorporates them by reference.

56. ACC denies all averments of fact or law contained in paragraph 56. ACC specifically denies that Plaintiff has accurately stated the elements of proving a § 1983 claim seeking monetary relief against a governmental entity.

57. ACC denies all averments of fact or law contained in paragraph 57.

58. ACC denies all averments of fact or law contained in paragraph 58. ACC further specifically denies that it has intentionally attempted to deprive Plaintiff of a federally protected right.

59. ACC denies all averments of fact or law contained in paragraph 59, and further specifically denies that Plaintiff has properly plead the elements of the cause of action necessary to hold a governmental entity liable for damages under 42 U.S.C. § 1983.

60. ACC denies all averments of fact or law contained in paragraph 60 and specifically denies it can be held liable for damages under 42 U.S.C. § 1983 on the facts plead.

61. In response to paragraph 61, ACC restates all of its prior responses and incorporates them by reference.

62. ACC denies all averments of fact or law contained in paragraph 62.

63. ACC denies all averments of fact or law contained in paragraph 63.

64. ACC denies all averments of fact or law contained in paragraph 64.

65. ACC denies all averments of fact or law contained in paragraph 65, except ACC admits the Legislature amended the Texas Water Code and the amended law is now in effect.

66. ACC denies all averments of fact or law contained in paragraph 66.

67. In response to paragraph 67, ACC restates all of its prior responses and incorporates them by reference.

68. ACC denies all averments of fact or law contained in paragraph 68 and notes this paragraph is inconsistent with the causes of action set forth elsewhere in this pleading seeking relief at law under 42 U.S.C. § 1983. ACC also asserts that enjoining provision of water service to its property would adversely affect the public interest. Furthermore the injury that would be sustained by ACC would outweigh any alleged injury to Plaintiff's interests, particularly given its many claims for monetary relief.

69. ACC admits that Plaintiff has requested a trial by jury.

70. ACC denies that Plaintiff is entitled to any of the relief sought in the Prayer; and ACC specifically denies that it can be held liable for monetary relief under 42. U.S.C. § 1983 and specifically denies that Plaintiff is entitled to any of the injunctive relief sought.

## B. Affirmative Defenses

71. By way of affirmative defense, ACC alleges the following:

   a. Plaintiff cannot prove the essential elements of a § 1983 claim for relief against ACC, in that Plaintiff cannot prove an ACC policy, practice or custom was the motivating force behind the matters raised in Plaintiff's suit.

   b. Plaintiff has not "made service available" to ACC's property as required under § 1926(b). The terms, conditions, and fees proposed by Plaintiff to provide service to ACC's property were not reasonable, were excessive, and were confiscatory.

   c. To the extent Plaintiff seeks injunctive relief, it is estopped from being awarded injunctive relief because it has for years availed itself of a state law process for being awarded a license to have a monopoly for provision of water service, and now attempts to deny that the State has a compelling interest in continuing to regulate the provision of water to the citizens of Texas.

   d. Because the WSC will be compensated under the applicable State law for the removal of property from its CCN (such has happened with ACC's property), the competing federal and state interests are adequately balanced and pre-emption should not be applied. The primary concern of the federal government as expressed in 7 U.S.C. § 1926(b) (i.e., the assurance that the WSC will be able to repay its federal loans) is protected under the State law process, because of the appraisal and compensation process that will now take place within the TCEQ's process.


## C. Prayer

WHEREFORE, Defendant ACC prays that this action be dismissed, that Plaintiff take nothing from this suit, that Plaintiff be denied all injunctive relief it seeks herein, that ACC recover all its costs and attorney's fees incurred in defending this suit, and such other and further relief as it may show itself entitled.

Respectfully submitted,

BICKERSTAFF HEATH DELGADO ACOSTA LLP
3711 S. MoPac Expressway,
Building One, Ste. 300
Austin, Texas 78746
(512) 472-8021
(512) 320-5638 (fax)
ccaputo@bickerstaff.com

By: *Emily W. Rogers*
COBBY A. CAPUTO
State Bar No. 03784650
EMILY W. ROGERS
State Bar No. 24002863

*COUNSEL FOR DEFENANTS AUSTIN COMMUNITY COLLEGE DISTRICT PUBLIC FACILITY CORPORATION, A TEXAS PUBLIC FACILITY*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2011 a true and correct copy of the foregoing First Amended Answer of Defendant Austin Community College District Public Facility Corporation, a Texas Public Facility was served upon each attorney of record and the original upon the Clerk of the Court.

| | |
|---|---|
| **Via Electronic Service by the Court**<br>William R. Allensworth<br>Matthew C. Ryan<br>ALLENSWORTH AND PORTER, L.L.P.<br>100 Congress Avenue, Suite 700<br>Austin, Texas 78701<br>512.708.1250 (tel)<br>512.708.0519 (fax)<br>wra@aaplaw.com<br>mcr@aaplaw.com | **Via Facsimile**<br>Arturo D. Rodriguez, Jr.<br>Bradford E. Bullock<br>RUSSELL & RODRIGUEZ, L.L.P.<br>1633 Williams Drive<br>Building 2, Suite 200<br>Georgetown, Texas 78628<br>512.930.1317 (tel)<br>866.929.1641 (fax)<br>arodriguez@txadminlaw.com<br>bbullock@txadminlaw.com<br>***ATTORNEYS FOR CITY OF ELGIN*** |
| *and* | |
| **Via Electronic Service by the Court**<br>Steven M. Harris<br>Michael D. Davis<br>DOYLE HARRIS DAVIS & HAUGHEY<br>1350 South Boulder, Suite 700<br>Tulsa, Oklahoma 74119<br>918.592.1276 (tel)<br>918.592.4389 (fax)<br>steve.harris@1926blaw.com<br>mike.davis@1926blaw.com<br>***ATTORNEYS FOR PLAINTIFF*** | **Via Facsimile**<br>Anthony C. Grigsby, Assistant Attorney General<br>Robin E. Sanders, Assistant Attorney General<br>Office of the Texas Attorney General<br>Envtl. Prot. & Admin. Law Division<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>512.475.4165 (tel)<br>512.320.0911 (fax)<br>anthony.grigsby@oag.state.tx.us<br>robin.sanders@oag.state.tx.us<br>***ATTORNEYS FOR STATE DEFENDANTS*** |

*(signature)*

EMILY W. ROGERS

## CERTIFICATE OF GOOD CAUSE

On December 21, 2011, we attempted to electronically file the foregoing document with the Western District of Texas utilizing the CM/ECF system. After more than 12 attempts to file the document, we were notified that the CM/ECF system was down, as well as the Western District computer system. This situation will be remedied as soon as the CM/ECF system is up and we are able to file electronically.

To date, I have never failed to follow the electronic filing rules.

*Emily W. Rogers*
Emily W. Rogers

00582833;1